```
 1  ROBERT B. SCHACHTER, ESQ., BAR NO. 72528
    HITCHCOCK, BOWMAN & SCHACHTER
 2  21515 Hawthorne Boulevard, Suite 1030
    Torrance, California 90503-6579
 3  Telephone (310) 540-2202
    Facsimile (310) 540-8734
 4  hbsattylaw@aol.com

 5  Attorneys for Plaintiff
    Daniel Ciauri
 6
 7
 8
 9
10
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| 11  DANIEL CIAURI, | CASE NO. 12-CV-938 JST (ANx) |
| 12         Plaintiff, | |
| 13     v. | **PLAINTIFF DANIEL CIAURI'S SECOND AMENDED COMPLAINT** |
| 14  JOHN BATT, LEE STONEHOUSE, IN 'N' OUT SERVICES LIMITED, | |
| 15  IN 'N' OUT PROPERTY LIMITED, and DOES 1 through 20, inclusive, | Judge:   Hon. Josephine Staton Tucker |
| 16         Defendants. | |
| 17 | |
| 18 | |

19       Plaintiff Daniel Ciauri alleges:

20                    **FIRST CAUSE OF ACTION**

21                           (**Conversion**)

22       As a First Cause of Action against Defendants John Batt, Lee Stonehouse, In 'N' Out

23  Services, Limited and In 'N' Out Property Limited, Plaintiff alleges as follows:

24       1.   At all times herein mentioned, Plaintiff Daniel Ciauri (hereinafter referred to as

25            "Ciauri") was, and is, a resident in the County of Orange, State of California.

26       2.   Plaintiff is informed and believes and on such information and belief alleges that

27            at all times herein mentioned Defendant John Batt (hereinafter referred to as

28            "Batt") was, and is, a resident of England and resided in England.

*[Stamp: RECEIVED BUT NOT FILED JAN - 3 2012 CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION BY ___ DEPUTY]*

1

**PLAINTIFF CIAURI'S SECOND AMENDED COMPLAINT
CASE NO. 12-CV-938 JST (ANx)**

3. Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned Defendant Lee Stonehouse (hereinafter referred to as "Stonehouse") was, and is, a resident of England and resided in England.

4. Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned Defendant In 'N' Out Services Limited and In 'N' Out Property Limited were, and are, business organizations existing under the laws of England and do business in England.

5. At all times herein mentioned, each of the Defendants was the agent, representative and employee of each of the other Defendants herein, and in doing the things herein alleged, was acting within the purpose and scope of said agency and employment.

6. Plaintiff asserts that this Court has original jurisdiction over this matter as a diversity action under 28 U.S.C. §1332 in that the action is a controversy between Plaintiff, as a citizen of the United States, State of California, and citizens or subjects of a foreign state (England) pursuant to 28 U.S.C. §1332(a)(ii), and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Plaintiff alleges that Defendants Stonehouse and Batt are individuals domiciled in the United Kingdom and were served in the United Kingdom.

8. Plaintiff is informed and believes and on such information and belief alleges that In 'N' Out Services Limited and In 'N' Out Property Limited were incorporated under the laws of England and Wales and both have their principal places of business in the United Kingdom where they were headquartered before entering into liquidation in July 2011 and are currently in liquidation proceedings in the United Kingdom.

9. In 2010, Plaintiff loaned approximately Two Hundred Fifty Thousand Dollars ($250,000.00) to the business known as In 'N' Out Services Limited and the business known as In 'N' Out Property Limited. At the time of the investment,

Plaintiff was advised by Defendants, including, but not limited to, Defendants John Batt and Lee Stonehouse, that Plaintiff's loans would be secured by a mortgage on real property owned by the company.

10. Plaintiff also invested other funds and also became a shareholder of In 'N' Out Services Limited. The investment of those funds was a separate investment from the secured loan investment referred to above.

11. Defendants, and each of them, caused to be issued to Plaintiff a written certificate (Certificate Number 1) stating that Plaintiff had received a fixed rate, <u>secured</u> loan. A true and correct copy of Certificate Number 1 is attached hereto as Exhibit 1 and incorporated herein by reference.

12. Defendants, and each of them, caused to be issued to Plaintiff a written certificate (Certificate Number 39) stating that Plaintiff had received a fixed rate, <u>secured</u> loan. A true and correct copy of Certificate Number 39 is attached hereto as Exhibit 2 and incorporated herein by reference.

13. Defendants, and each of them, provided to Plaintiff a letter dated March 30, 2009 from John Batt stating that Lee Stonehouse had signed the secured note. In such letter, John Batt stated that the Loan Note Certificates were signed by Lee Stonehouse and John Batt and that the loans were <u>secured</u>. A true and correct copy of the letter dated March 30, 2009 is attached hereto as Exhibit 3 and incorporated herein by reference.

14. The secured notes were signed by Defendants Stonehouse and Batt, both of whom knew that Plaintiff's loans were to be secured loans, and such Defendants represented to Plaintiff that his loans were secured by a registered (recorded) interest in real property.

15. Later, in a letter dated July 1, 2010 to Plaintiff from John Batt, it was stated that the "Bristol" property had been sold and the secured note was due and payable.

16. Plaintiff was provided with secured deed of trust or mortgage documentation and later Plaintiff was advised that an "unsigned" secured deed of trust for the Bristol

property had been located but was never recorded or registered, and, therefore, no legal charge (mortgage) existed over the property.

17. Plaintiff is informed and believes and on such information and belief alleges that in or around early 2010, In 'N' Out Services Limited acted through Defendant Stonehouse and Defendant Batt in their capacities as officers, directors and agents, and such Defendants undertook to solicit investor funds with the goal of raising One Million Six Hundred Thousand Dollars ($1,600,000.00) in capital for the benefit of In 'N' Out Services Limited, which solicitation efforts were directed at residents of Orange County, California, including Plaintiff.

18. Defendants In 'N' Out Services Limited, Lee Stonehouse, John Batt and Does 1 through 10 offered, and did sell, securities in the State of California

19. Plaintiff is informed and believes and on such information and belief alleges that the communications concerning the sale of securities related to the solicitation by In 'N' Out Services Limited of investors in Orange County, California, including Plaintiff, which solicitations included telephone conversations, emails and in-person meetings between Plaintiffs and representatives of In 'N' Out Services Limited.

20. As part of the "sales pitch" directed at Plaintiff, In 'N' Out Services Limited, and its officers and directors, represented that an investment made by Plaintiff would be secured by real property in England.

21. In reliance upon such representations, Plaintiff made an investment in In 'N' Out Services Limited, as described hereinabove. Plaintiff invested funds to become a shareholder and also invested other funds resulting in Plaintiff becoming a secured lender.

22. As alleged above, formal documents were prepared and signed by Defendants Batt and Stonehouse, which documents stated that Plaintiff had been granted a secured interest in real property owned by In 'N' Out Services Limited.

///

23. At all times herein, Plaintiff believed and intended that Plaintiff's loans would be a secured investment in the real property described hereinabove. If Plaintiff had known that Plaintiff's investment would not be secured, as represented by Defendants, Plaintiff would not have made the specific investment. As stated above, Plaintiff also invested other funds and was also a shareholder of In 'N' Out Services Limited,

24. Plaintiff is informed and believes and on such information and belief alleges that the agreement to repay the secured loan was approved by the Board of Directors of In 'N' Out Services Limited.

25. The documents reflecting Plaintiff's status as a secured party include:

   a. The Loan Note Certificates (attached hereto as Exhibits 1 and 2) showing the loan to be secured by security property (real property).

   b. A security instrument as to the real property.

   c. A legal charge, or lien, instrument showing that Defendants intended the real property to serve as security, or collateral, for the payment and discharge of moneys owed by Defendant In 'N' Out Services to Plaintiff.

26. Plaintiff alleges that on or about mid 2010 it was determined by Plaintiff that the security, or collateral, had never been registered or recorded by Defendants.

27. Plaintiff alleges that Plaintiff had a right to, and an ownership interest in, the possession of any proceeds from the sale of the security, or collateral. Defendants converted, misappropriated and interfered with Plaintiff's ownership interest in such specific funds or proceeds by selling the secured property (collateral) without repaying the loan funds to the intended secured investor, Plaintiff, and by diverting specific proceeds from the sale of the real property to the payment of other unsecured trade creditors, and failing to properly record and perfect Plaintiff's security interest as a lien.

28. As officers and directors of the Defendant company, Defendants Batt and Stonehouse owed a fiduciary duty to Plaintiff, who was also a shareholder of the

company.

29. Such acts by Defendants, and each of them, constitute conversion of the proceeds from the sale of the secured property and Plaintiff has suffered damages in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

30. Defendants Batt and Stonehouse, as trustees (officers and directors), are responsible for losses resulting from the misappropriation of property, and such Defendants are personally liable to persons whose property has been converted by such Defendants for the benefit of the company even though such individual Defendants may not have derived any personal benefit therefrom.

31. In performing the acts alleged herein, Defendants, and each of them, including Defendants Stonehouse and Batt, acted maliciously, oppressively and with the intent to defraud Plaintiff and other investors, and Plaintiff is entitled to punitive damages in a sum according to proof.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

As a Second Cause of Action against Defendants Lee Stonehouse, John Batt, In 'N' Out Services Limited and In 'N' Out Property Limited, Plaintiff Daniel Ciauri alleges as follows:

32. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 31 of the First Cause of Action and makes the same a part of this Second Cause of Action as though fully set forth herein.

33. Defendants Batt and Stonehouse executed documents stating that Plaintiff's loan would be secured by a lien, or legal charge, on specific real property. Plaintiff is informed and believes and on such information and belief alleges that Defendants Batt and Stonehouse knew and approved of the later sale of the real property and knew that such Defendants, despite promising to do so, never actually recorded, or registered, Plaintiff's lien, and Defendants thereafter sold the specific real property and diverted, for the benefit of the company, specific funds owed to Plaintiff.

34. Plaintiff is informed and believes and on such information and belief alleges that Defendants Lee Stonehouse and John Batt, as officers and directors of In 'N' Out Services Limited, assumed and owed a fiduciary duty of fair dealing to Plaintiff, and Defendants assumed and owed a duty to make a full and complete disclosure, and to act reasonably and fairly toward Plaintiff, who was a shareholder of the company.

35. By the acts alleged hereinabove, Defendants, and each of them, including Defendants Stonehouse and Batt, breached their fiduciary duty owed to Plaintiff.

36. As a result of the breach of fiduciary duty by Defendants, and each of them, Plaintiff has been damaged in a sum according to proof in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

### THIRD CAUSE OF ACTION

#### (Concealment)

As a Third Cause of Action against Defendants Lee Stonehouse, John Batt, In 'N' Out Services Limited and In 'N' Out Property Limited, Plaintiff Daniel Ciauri alleges as follows:

37. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35 hereinabove and makes the same a part of this Third Cause of Action as though fully set forth herein.

38. At all times, Plaintiff Ciauri was advised that Plaintiff's loans would be secured by real property owned by In 'N' Out Services Limited.

39. However, despite the promises and assurance by Defendants, and each of them, no proper security, or collateral, was actually provided as indicated above.

40. Defendants, and each of them, intentionally concealed and failed to disclose material facts to Plaintiff, including that at the time Plaintiffs loaned money to In 'N' Out Services Limited, the loan was not secured as promised and that In 'N' Out Services Limited improperly used the proceeds to repay other creditors.

41. Defendants, and each of them, had a duty to fully disclose the material facts alleged herein and to fully disclose that Defendants had not properly issued the

documentation for the security, or collateral, as promised and represented, and Defendants failed to so advise Plaintiff.

42. In concealing and failing to disclose the material facts, Defendants intended to deceive Plaintiff. The evidence of such concealment includes, but is not limited to, the failure to provide true and accurate information, acts by Defendants to mislead Plaintiff into believing that the security had, in fact, been issued, failure to perfect Plaintiff's security interest in the real property, and failure to disclose that In 'N' Out Services Limited had improperly used the funds loaned by Plaintiff.

43. Plaintiff had no way of knowing the true material facts and such facts were not readily accessible to Plaintiff.

44. Plaintiff reasonably and justifiably relied on the facts that were presented and Plaintiff did not know the concealed material facts.

45. As a result of the concealment of material facts by Defendants, Plaintiff has been damaged in a sum according to proof in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

46. In concealing the facts, Defendants acted maliciously, oppressively and with the intent to defraud.

47. Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff DANIEL CIAURI prays for relief as follows:

### FIRST CAUSE OF ACTION
### (Conversion)
### AGAINST ALL DEFENDANTS

1. For damages in a sum according to proof, but in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

2. For costs of suit herein incurred.

///

3. For damages in a sum according to proof, but in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

4. For interest at the legal rate from and after December 31, 2011.

5. For additional damages in the sum of not less than One Hundred Thousand Dollars ($100,000.00).

6. For punitive damages in the sum of not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

7. For costs of suit herein incurred.

8. For such other and further relief as the court may deem just and proper.

9. For such other and further relief as the court may deem just and proper.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### AGAINST DEFENDANTS LEE STONEHOUSE, JOHN BATT, IN 'N' OUT SERVICES, LIMITED AND IN 'N' OUT PROPERTY LIMITED, AND DOES 1 THROUGH 10

1. For damages in a sum according to proof, but in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

2. For interest at the legal rate from and after December 31, 2011.

3. For additional damages in the sum of not less than One Hundred Thousand Dollars ($100,000.00).

4. For punitive damages in the sum of not less than Two Hundred Fifty Thousand Dollars ($250,000.00).

5. For costs of suit herein incurred.

6. For such other and further relief as the court may deem just and proper.

///
///
///
///

## THIRD CAUSE OF ACTION

### (Concealment)

### AGAINST DEFENDANTS LEE STONEHOUSE, JOHN BATT, IN 'N' OUT SERVICES, LIMITED AND IN 'N' OUT PROPERTY LIMITED, AND DOES 1 THROUGH 10

1. For damages in a sum according to proof, but in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00).
2. For interest at the legal rate from and after December 31, 2011.
3. For additional damages in the sum of not less than One Hundred Thousand Dollars ($100,000.00).
4. For punitive damages in the sum of not less than Two Hundred Fifty Thousand Dollars ($250,000.00).
5. For costs of suit herein incurred.
6. For such other and further relief as the court may deem just and proper.

DATED: December 27, 2012

Respectfully submitted,

HITCHCOCK, BOWMAN & SCHACHTER,
a professional corporation

By: _____
Robert Schachter, Attorney for Plaintiff
Daniel Ciauri

PROOF OF SERVICE
Code of Civil Procedure Section 1013A

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years old and not a party to the within action. My business address is 21515 Hawthorne Blvd., Ste 1030, Torrance, CA 90503.

On, January 3, 2013, I served the document(s) entitled, Plaintiff Ciauri's Second Amended Complaint and Summons Thereon, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

| | |
|---|---|
| Michael C. Tu, Esq. | James N. Kramer, Esq. |
| Orrick, Herrington & Sutcliffe LLP | Orrick, Herrington & Sutcliffe LP |
| 777 South Figueroa Street, Ste 3200 | 405 Howard Street |
| Los Angeles CA 90017 | San Francisco CA 94105-2669 |
| Tel No. (213) 629-2020 | Tel No. (415) 773-5700 |
| Fax No. (213) 612-2499 | Fax No. (415) 773-5759 |

[X] **By Mail**: I deposited such envelope in the mail at Torrance, California. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Torrance, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after date of deposit for mailing in affidavit.

[ ] **By Fax**: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

[ ] **By Overnight Delivery**: I caused the above-referenced document(s) to be delivered via Federal Express overnight delivery to the address(es) indicated above.

[ ] **By Messenger:** I caused the above referenced document(s) to be hand delivered to the address(es) above on the date stated herein.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on this 3rd day of January 2013 at Torrance, California.

Susan K. Robinson